UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.                                  Case No.

JAMES K HAFKE ASSOCIATES LLC,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

    Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY sues Defendant JAMES K HAFKE ASSOCIATES LLC and alleges as follows:

    1.    This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

    2.    Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY ("SOUTHERN-OWNERS") is a foreign insurance corporation, incorporated in the State of Michigan, with its principal place of business in Lansing, Michigan, authorized to do and doing business in the State of Florida.

    3.    Defendant JAMES K HAFKE ASSOCIATES LLC ("HAFKE") is a Florida limited liability company with its principal place of business in St. Petersburg, Florida. HAFKE's members, Brandon Knowles and Meagan Taylor, are adult individuals residing in Pinellas County, Florida and are citizens of the state of Florida. Therefore, HAFKE is a citizen of the state of Florida for all purposes, including federal diversity jurisdiction.

    4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000).

    5.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the defendant resides in this judicial district and is a Florida resident and because the contract which is the subject of this action was entered in Pinellas County, Florida and HAFKE's actions giving rise to this action occurred in Pinellas County, Florida.

6. All conditions precedent to this action have been performed by SOUTHERN-OWNERS or have otherwise occurred, been waived, discharged, or legally excused.

7. At all times material hereto, SOUTHERN-OWNERS insured HAFKE under a Commercial General Liability policy, policy number 192312-20202020-19 (the "Policy"), with effective dates of March 5, 2019 through March 5, 2020. A true and correct copy of the Policy is attached hereto and made a part here of as Exhibit "A".

8. Effective July 5, 2019 the Policy was cancelled. A true and correct copy of the cancellation notice is attached hereto and made a part hereof as Exhibit "B". However, based upon a "NO LOSS" Statement (the "Statement") executed by HAFKE's authorized representation on July 11, 2019 indicating that HAFKE "and its subsidiaries and affiliates, from 12:01 AM on the date of cancellation, 07/05/2019 have had no known losses or claims, nor have there been any incidents", the Policy was reinstated on July 17, 2019, retroactive to July 5, 2019. A true and correct copy of the Statement is attached hereto and made a part hereof as Exhibit "C".

9. After execution of the Statement and SOUTHERN-OWNERS' resulting reinstatement of the Policy, SOUTHERN-OWNERS learned of a claim by the City of Largo (the "City") against HAFKE. Based upon information from the City, as well as HAFKE's own admissions, it is SOUTHERN-OWNERS' belief that:

(a) On or about July 5, 2019, HAFKE recognized a problem in that it discovered a damaged sewage pipe in connection with work being performed for the City;

(b) On July 8, 2019 the City learned (or at least came to believe) that work performed by HAFKE had damaged the pipe and caused resulting damage;

(c) On July 8 or 9, 2019 the City communicated to HAFKE its position that HAFKE was liable for the damages; and

(d) By July 10 or 11, 2019 work was being done by or for the City to repair damages allegedly related to HAFKE's scope of work.

10. If SOUTHERN-OWNERS knew of the City's claim against HAFKE, it would <u>not</u> have reinstated the Policy. And, based upon the foregoing, the representations in the Statement that there were neither any "known losses or claims" nor "any incidents" since the cancellation on July 5, 2019 at 12:01 a.m. were false and constitute material misrepresentations by HAFKE.

11. Pursuant to §627.409(1), Florida Statutes, a "misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery…" if, among other things, it "is fraudulent or is material to the acceptance of the risk or the hazard assumed by the insurer" or, if it had been known, "the insurer in good faith would not have issued the policy…" And, based upon these circumstances, SOUTHERN-

OWNERS should have a right of rescission and the Policy should be considered void *ab initio*.

12. HAFKE contends that SOUTHERN-OWNERS' obligations pursuant to the Policy encompass claims such as being advanced by the City.

13. On the other hand (as has previously been communicated to HAFKE), SOUTHERN-OWNERS contends that HAFKE's material misrepresentations void the Policy, such that there is no policy to potentially provide coverage for the City's claim.

14. As such, a genuine dispute exists between the parties as to whether SOUTHERN-OWNERS provides coverage and a present controversy therefore exists between the parties as to this issue. Because of the present controversy, SOUTHERN-OWNERS is in need of declaratory relief and is without an adequate, certain, prompt or complete remedy that would be as efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

15. As there is a bona fide, present, and practical need for a declaration of rights between the parties, and as such a declaration deals with present, ascertainable facts in controversy, and as the parties to this action have a present and adverse interest in the subject matter hereof, SOUTHERN-OWNERS respectfully seeks this Court's declaratory judgment with respect to the status of the Policy.

**WHEREFORE**, SOUTHERN-OWNERS respectfully requests that this Honorable Court:

(1) Declare that SOUTHERN-OWNERS has a right to rescind the Policy;
(2) Determine that the Policy is void *ab initio*;
(3) Determine what portion of the previously paid Policy premium, if any, should be returned to HAFKE;
(4) Award SOUTHERN-OWNERS the costs of this action; and
(5) Grant such other and further relief deemed appropriate by this Court.

Dated this 28th day of July, 2020.

        CAMPBELL TROHN
         TAMAYO & ARANDA, P.A.

            /s/ William S. Chambers IV
        BY:_____
        WILLIAM S. CHAMBERS, IV
        Florida Bar No. 29793
        B.Chambers@cttalaw.com
        J.Bintliff@cttalaw.com
        P.O. Box 2369
        Lakeland, FL  33806-2369
        (863) 686-0043
        (863) 616-1445 (fax)
        Attorney for SOUTHERN-OWNERS